ORDER OF DISBARMENT
BANKS, Justice,
for the Court:
The Court, sitting en banc, having considered the Formal Complaint of the Mississippi Bar seeking disbarment of Bob L. McHann, and McHann’s response to the Formal Complaint, is of the opinion that the relief requested in the Formal Complaint should be granted. Having given the matter full and careful consideration, the Court finds as follows:
I.
McHann, having been licensed to practice law in the State of Mississippi, is subject to the disciplinary jurisdiction of this Court and its designated agencies.
II.
On January 11, 1991, the Mississippi Bar filed a Formal Complaint seeking disbarment of Bob L. McHann pursuant to Rule 6 of the Rules of Discipline for the Mississippi Bar. McHann was served with an order dated January 23, 1991, of this Court requiring him to file a response addressing the issues of: whether or not the crime of which he was found guilty was beyond the scope of Rule 6; whether or not his conviction had been reversed upon appeal, if any; and whether or not any constitutional right would be violated by proceeding under the Rules of Discipline for the Mississippi Bar. McHann responded to the Formal Complaint and the order of the Court in a response filed on March 19, 1991.
III.
The Bar alleged in its Formal Complaint that McHann, on or about November 30, 1990, was convicted in cause number J90-00070(B) in the United States District Court for the Southern District of Mississippi of the crime of falsifying a loan closing statement submitted to the United States Department of Housing and Urban Development in violation of 18 U.S.C. § 1012.
IV.
The crime for which McHann was convicted is among the types of offenses contemplated by Rule 6 of the Rules of Discipline, i.e., it is a misdemeanor involving dishonesty, fraud, deceit or misrepresentation. The Bar presented a certified copy of the judgment of conviction and that document serves as conclusive evidence of McHann’s guilt of the offense. McHann did not file an appeal of his conviction and the time for appeal has passed. Pursuant to Rule 6, the evidence presented by the Bar warrants the imposition of the sanction of automatic disbarment.
V.
The Bar is entitled to recover from McHann the costs and expenses which it *703 incurred in this cause and General Counsel for the Bar shall within ten (10) days of the date of entry of this order file with the Clerk of the Court a motion for costs and expenses.
THEREFORE, IT IS ORDERED that:
A. For McHann’s conviction of the crime of falsifying a document in violation of 18 U.S.C. § 1012, he should be, and hereby is, disbarred.
B. This order of disbarment shall constitute notice of disbarment in this cause.
C. McHann shall pay to the Bar its costs and expenses in this cause and General Counsel of the Bar shall file his motion for costs and expenses within ten (10) days from the date of entry of this order.
D. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to the judges of the county, circuit, and chancery courts in and for Hinds County, Mississippi, and the senior judges of those courts shall enter this order upon the minutes of their respective courts.
E. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to the clerks of the United States District Court in and for the State of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the United States Supreme Court.
F. This order shall in all respects be a public record and shall remain in full force and effect until further order of this Court.
SO ORDERED.
DAN M. LEE, P.J., dissents with separate written opinion joined by McRAE, J.
SMITH, J., not participating.